**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ATTOEV JAVOKHIR,<br>Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE U.S., et. al.,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1314 |

# MEMORANDUM OPINION

Pending before the court is a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 3) filed by Attoev Javokhir ("Javokhir"). The Attorney General, et.al. (collectively, "Respondents") filed a response in opposition, with numerous exhibits (ECF No. 11). The petition is ripe for decision.

Javokhir, a citizen of Uzbekistan, asserts that his continued detention and threatened removal violates fundamental fairness and fails to consider relevant evidence, medical risks and conditions of detention (ECF No. 3 at 1). Javokhir's petition acknowledged that he had an appeal pending before the United States Court of Appeals for the Third Circuit and noted that the court issued a stay on his removal while his appeal was pending (ECF No. 3 at 3).

Respondents argue the petition should be summarily denied. Respondents report that the Third Circuit Court of Appeals denied Javokhir's appeal. Respondents submitted a copy of the decision, dated July 6, 2026 (ECF No. 11-11). Respondents report that Javokhir is now subject to a final removal order and is detained pursuant to 8 U.S.C. § 1231. The Third Circuit Court of Appeals upheld the August 8, 2025 decision and removal order by the Board of Immigration

Appeals ("BIA") (ECF No. 11-9).[1] The Third Circuit Court of Appeals agreed with the BIA that Javokhir failed to meet his burden "to show that he himself would more likely than not be tortured" if he was removed to Uzbekistan (ECF No. 11-11 at 4); and concluded that the BIA's decision to reverse the immigration judge's grant of deferral of removal (including the finding that Javokhir was not credible) was supported by substantial evidence. *Id.* at 8.[2] The government contends that Javokhir's allegations about the conditions of his confinement are not properly presented by way of a habeas petition.

<u>Discussion</u>

I. Claims unrelated to the legality or duration of Javokhir's detention

The government is correct that this court lacks jurisdiction to consider Javokhir's claims involving, among other things, inadequate medical care and mental health treatment, a poor mail system, threats and abuse by staff, lack of standards and basic safety protocols, excessive and indefinite solitary confinement and lack of communication with family and counsel. *See, generally*, ECF No. 3 at 4-7, 33-34. A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted. *Hill v. McDonough*, 547 U.S. 573, 579 (2006).

In *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87 (3d Cir. 2015) (affirming dismissal of a similar petition that asserted numerous legal theories), the court stated: "To the extent that

---

[1] The BIA agreed with the Immigration Judge that Javokhir presents a national security risk (ECF No. 11-9 at 5).

[2] The Third Circuit Court of Appeals' decision noted that during the pendency of his removal proceedings, Javokhir was arrested on an international warrant alleging his involvement with a terrorist organization (i.e., ISIS), and there was evidence in his participation in an identify fraud scheme, and possession of illegal drugs and a gun (ECF No. 11-11 at 3).

Eiland challenged the adequacy of the medical care he is receiving, the Warden's response to his alleged sexual assault, the conditions at the prison, improper retaliatory conduct by prison officials, and his custody level, his claims do not sound in habeas corpus." *Id.* at 89. In *Eiland*, the Third Circuit Court of Appeals summarily affirmed that "[t]he District Court's dismissal of Eiland's § 2241 petition without prejudice to his right to file a proper civil rights action was correct." *Id.* This court will likewise dismiss without prejudice Javokhir's claims unrelated to the legality or duration of his detention. *See Hill*, 547 U.S. at 579.

II. Unreasonable detention

With respect to Javokhir's detention, the government asserts it is proper pursuant to § 1231(a)(2), which provides, in relevant part: "During the removal period, the Attorney General shall detain the alien." Section 1231(a)(1) defines the "removal period":

> (A) In general
>
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

8 U.S.C. § 1231(a)(1)(A).

> (B) Beginning of period
>
> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) **If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.**
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added).

In this case, the BIA issued a removal order on August 8, 2025. Javokhir appealed the order to the Third Circuit Court of Appeals, which issued a stay while the appeal was pending. The Third Circuit Court of Appeals issued its final order denying the appeal on July 6, 2026. Thus, the statutory removal period began on July 6, 2026. Pursuant to § 1231, Javokhir shall be detained during the removal period.

Javokhir's detention pursuant to § 1231 commenced approximately one month ago. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court established, for the sake of uniform administration, that a 6-month period of detention was presumptively reasonable. *Zadvydas*, 533 U.S. at 701. It is only "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

The Supreme Court further explained:

> This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* Javokhir is within the 6-month period of detention that is presumptively reasonable. The petition will be dismissed.

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 3), will be denied. An appropriate Order will be entered.

Dated: August 19, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge